

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00867-CR

Roberto **FLORES-MORALES**,
Appellant

v.

The **STATE** of Texas
Appellee

From the County Court at Law No. 14, Bexar County, Texas
Trial Court No. 447516
Honorable Bill C. White, Judge Presiding[1]

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 23, 2015

AFFIRMED

After the trial court denied his motion to suppress, Roberto Flores-Morales pleaded guilty to driving while intoxicated. The trial court sentenced Flores-Morales to one year in jail and assessed a fine of $750, but suspended the jail term and placed him on probation for two years. In his sole issue, Flores-Morales contends the trial court erred by denying his motion to suppress. We affirm.

---

[1] The judgment was signed by the Honorable Bill C. White, former judge sitting by assignment. However, the Honorable Brenda Chapman, former judge sitting by assignment, presided over the hearing on the motion to suppress and ruled on the motion.

At the hearing on Flores-Morales's motion to suppress, Officer Julio Orta of the San Antonio Police Department testified that while on patrol after midnight on January 3, 2014, he saw Flores-Morales's vehicle veer onto the right shoulder of the highway near where Officer Orta was parked and then saw Flores-Morales quickly return to his lane. Officer Orta activated the emergency lights on his patrol car to make a traffic stop, and Flores-Morales stopped his vehicle. Officer Orta conducted field sobriety tests and thereafter arrested Flores-Morales for driving while intoxicated. Officer Orta testified that failing to maintain a single lane of traffic "if there [are] other vehicles around" is a traffic offense. Video recordings from the rear and dash cameras of Officer Orta's vehicle were also admitted into evidence and played for the trial court.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We review the record in the light most favorable to the trial court's ruling and will reverse the trial court's judgment only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id*. We give almost total deference to the trial court's determination of historical facts, but we review the trial court's application of the law to those facts de novo. *Id*.

A stop by a law enforcement officer "amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). "[A]n officer may initiate a traffic stop if he has a reasonable basis for suspecting that a motorist has committed a traffic violation." *Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Reasonable suspicion "exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Abney v. State*, 394 S.W.3d 542, 554 (Tex. Crim. App. 2013). It is a traffic violation to fail to maintain a single lane of traffic "unless that movement can be safely made."

*See* TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011); *Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref'd).

Officer Orta testified to specific facts, including Flores-Morales driving onto the shoulder of the highway and almost hitting his patrol car, in support of his conclusion that he had reasonable suspicion to stop Flores-Morales. Flores-Morales argues his driving onto the shoulder was not unsafe because "he didn't see the officer in a 'blacked out' vehicle with no flashers or lights." After viewing the video recordings, the trial court reasonably concluded the lights along the highway were on and "the officer's car could clearly be seen." We must defer to the trial court's finding because the record supports it. *See Story*, 445 S.W.3d at 732. Viewing the evidence— Officer Orta's testimony and the video recordings—in the light most favorable to the trial court's ruling, we hold the trial court did not abuse its discretion in finding Flores-Morales committed a traffic violation.

Therefore, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH